Moepht, J.
delivered the opinion of the court.
This case comes before us on a hill of exceptions to the opinion of the judge below dismissing the petition on the ground that the costs in a former suit of plaintiffs against these defendants, in which they took a nonsuit, had not been paid before bringing the present action.
*281 On the trial, the plaintiffs and appellants proved hy the receipts of the clerk and sheriff that their respective costs had been paid, bnt the conrt was of opinion that the jury tax constituted a part of the costs, and as it had not been shown specifically to have been paid, the plaintiffs were nonsuited. [464] By reference to the statute assessing a jury tax, in. 1 Moreau’s Digest, 627, section 4, we find that the clerks of the district courts of the several parishes shall deliver to the sheriff or collector in the month of January in each year a certified list under the seal of the court, containing the names of the persons who shall have instituted a suit or suits, liable to taxation, together with the number of suits instituted by each, which list shall be a sufficient authority for the sheriff or collector to demand and receive said tax, &c. It further provides that said tax shall be collected by the sheriff or collector of taxes in the same manner as is provided by law for the collection of the State and parish taxes, &c. It is clear that this tax when the plaintiff discontinues or is cast in the suit, is not to be included in the bill of costs which the clerk and sheriff have a right forthwith to demand. It becomes legally due, and can be required only in the course of the year next following the institution of the suit; until then the plaintiff remains liable for the tax, but we do not think that in a case of discontinuance he should be prevented from renewing his suit until the following year, because he has not paid that which he was not yet legally bound to pay, and which, had he tendered to the sheriff, the latter was perhaps without authority to receive. The payment of the ordinary taxed costs of the clerk and sheriff appears to us a sufficient compliance with article 492 of the Oode of Practice. The peculiar mode provided for the collection of this tax on suits, places it, we think, on a different footing from the other costs incurred by the parties. It goes into the parish treasury and should not in strictness be viewed in the light of costs.
It is therefore ordered, that the judgment of the district court be reversed and annulled; that the exception taken by the defendant, Leake, be overruled, and that the case be remanded for further proceedings; the costs of this appeal to be paid by the appellee.